UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOMINIQUE GULLEY,

        Plaintiff,

        v.                        Case No. 25-cv-37-bhl

DORY HYLER,

        Defendant.

## DISMISSAL ORDER

Plaintiff Dominique Gulley, who is currently confined at the Columbia Correctional Institution and representing himself, filed a civil rights complaint under 42 U.S.C. § 1983, along with a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915. Dkt. Nos. 1-2. The Court ordered Gulley to forward to the Clerk of Court by February 14, 2025 the sum of **$1.85** as an initial partial filing fee in this case. Dkt. No. 6. The Court advised Gulley that, upon payment of this initial partial filing fee, the Court would determine whether the action could proceed. *Id*.

On January 23, 2025, Gulley filed a letter-motion to waive the initial partial filing fee. Dkt. No. 8. The Court denied that motion on January 30, 2025 because he had means to pay (through a few deposits in August 2024 and September 2024, along with a bi-weekly allowance in differing amounts) but 100% of his money was taken each time there was a deposit into his account to pay for five prior lawsuits he filed, consistent with the Supreme Court's ruling in *Bruce v. Samuels*, 577 U.S. 82, 88–89 (2016) to regulate prisoner lawsuits by collecting "simultaneous" payments for lawsuits. *Id*. The Court advised Gulley that he must submit the **$1.85** initial partial filing fee

by **February 14, 2025** if he intended to proceed with this case; and failure to pay the fee would result in dismissal of the case. *Id.*

On February 7, 2025, Gulley filed another motion to waive the initial partial filing fee, which the Court will construe as a motion to reconsider. Dkt. No. 10. Gulley reiterates that he has already spent the deposits placed into his account in August 2024 and September 2024; and the bi-weekly allowance placed into his account allegedly cannot be used to pay for court fees. *Id.* An inmate who has already spent the deposits placed into his account in the past six months may be without assets to pay; but he is not without means to pay. *See Lindell v. McCaughtry*, No. 01-C-209, 2004 WL 225074, at *1 (W.D. Wis. Jan. 23, 2004). He had the means; he just chose to spend the money on something else. Additionally, Gulley's assertion that his bi-weekly allowance cannot be used to pay for court fees does not appear to be accurate. A review of his trust account statement shows that, every time there is a bi-weekly deposit into his account, 100% of it is immediately taken (in five equal amounts of 20%) to pay for prior lawsuits. *See* Dkt. No. 5. Gulley has filed at least ten lawsuits in this district alone, and he can file more lawsuits *in forma pauperis* once he is finished paying for his prior lawsuits. But the Court will not waive the initial partial filing fee in this case simply because all of the money placed in his account is being used to pay for prior lawsuits. *See e.g. Lindell*, 2004 WL 225074, at *1 (There is "no difference between plaintiff, who has chosen to spend 100% of his income on lawsuits, and an inmate who chooses to dispose of 100% of his income on canteen items shortly before filing a new lawsuit or appeal. He may be without assets from which to draw a new partial payment, but he does not lack 'means' with which to pay it."). That is contrary to the intent of the Prison Litigation Reform Act and the Supreme Court's holding in *Bruce.* Accordingly, the Court will deny the motion to reconsider.

The February 14 deadline to pay the initial partial filing fee has passed and the Court has not received the initial partial filing fee. Accordingly, the Court will deny the motion for leave to proceed without prepayment of the filing fee and will dismiss this case without prejudice.

**IT IS THEREFORE ORDERED** that Gulley's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **DENIED** for failure to pay the initial partial filing fee; and this case is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Gulley's motion to waive the initial partial filing fee (Dkt. No. 10), which the Court construes as a motion to reconsider, is **DENIED.**

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Gulley must pay the $350 statutory filing fee. Accordingly, the agency having custody of Gulley shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from Gulley's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Gulley is transferred to another institution, the transferring institution shall forward a copy of this Order along with Gulley's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Gulley is located.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 26, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
